UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER FARROW,
    *Plaintiff*,

    v.                                    No. 3:16-cv-333 (JAM)

LT. MARTINEZ, et al,
    *Defendants*.

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

    Plaintiff Christopher Farrow brings this complaint *pro se*, alleging that his constitutional rights were violated during and after an encounter with a correctional officer in which he told the officer he might file a second grievance against her. He believes the officer endangered him by calling him a snitch in earshot of other prisoners and maliciously filed a false disciplinary report against him. He also believes that he was denied his due process rights at the subsequent disciplinary hearing and appeal. Accordingly, plaintiff has filed this lawsuit pursuant to 42 U.S.C. § 1983, asserting claims for deliberate indifference to his safety and violations of due process. Plaintiff brings these claims against three correctional officers at the New Haven Correctional Center—named only as Lieutenant Martinez, Counselor Bent, and John Doe—and two District Administrators at the Department of Correction central office—Angel Quiros and Peter Murphy.[1] For the reasons set forth below, I conclude that plaintiff has alleged plausible

---

[1] Although plaintiff states in the case caption that he has named defendants Martinez, Bent, and Doe in their individual capacities and defendants Quiros and Murphy in their official capacities, within the body of the complaint plaintiff indicates that he has named defendants Quiros and Murphy in both individual and official capacities. The Court considers the complaint as asserting claims against all defendants in their individual capacities and defendants Quiros and Murphy in official capacities as well.

grounds for relief on some of his claims against some of the defendants, and this case will proceed. Although I conclude that plaintiff has adequately alleged some of his claims, this ruling does not constitute any conclusion that plaintiff's claims have actual merit.

## BACKGROUND

The following allegations from plaintiff's complaint are accepted as true for purposes of the Court's initial review. On February 17, 2015, plaintiff knocked on defendant Bent's door and was waiting for a response. Bent opened the door to let another inmate out. Plaintiff acknowledged Bent, but she ignored him and closed the door in his face. Plaintiff told Bent that he "was pursuing a claim for similar reasons." Doc. #1, ¶ 11. Bent opened the door, aggressively approached plaintiff and accused him of threatening her. Plaintiff stated that he was not threatening her, but she had almost hit him with the door. He stated that he would "write [her] up again." Doc. #1, ¶ 13. Before this incident, plaintiff had complained to a supervisor that Bent denied him a legal call. Bent stated that she would "have [him] out of here before [he could report her]" and called plaintiff a snitch. Doc. #1, ¶ 14.  Other inmates were present and heard Bent call plaintiff a snitch. During the incident, plaintiff was submissive; he was walking away while Bent followed him in an aggressive manner. About an hour later, plaintiff was taken to the restrictive housing unit pending a disciplinary report. That afternoon, plaintiff received a disciplinary report for threatening Bent. The alleged threat was false.

On February 25, 2015, plaintiff attended a disciplinary hearing before defendant Martinez. Plaintiff was not permitted to explain his issues; Martinez said they were of no importance. Martinez did not read any of the witness statements provided on plaintiff's behalf or review the videotape of the incident when plaintiff requested that he do so. Plaintiff was found

2

guilty "based on staff observation and documentation." Doc. #1, ¶ 27. But he was not provided an explanation of the evidence supporting the guilty finding and was sanctioned with eighteen days in restrictive housing. Defendants Quiros and Murphy upheld the disciplinary finding on appeal even though plaintiff identified all of the due process violations.

### DISCUSSION

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008).

Plaintiff contends that defendants violated his constitutional rights in the following ways: (1) Bent called him a snitch in the presence of other inmates, which was deliberate indifference to his safety; (2) Doe failed to control Bent's behavior, which was also deliberate indifference to

3

plaintiff's safety; (3) Bent denied him due process when she filed the disciplinary charge; (4) Martinez denied him due process at his disciplinary hearing when she failed to consider plaintiff's evidence, to permit him to mount a defense, or to provide a detailed explanation of his guilty finding; (5) Quiros and Murphy denied him due process by upholding the decision of the disciplinary hearing.

Plaintiff first contends that defendant Bent exhibited deliberate indifference to his safety in violation of the Eighth Amendment when she called him a snitch in the hearing of other inmates. Courts within this circuit have recognized that calling an inmate a snitch in the presence of other inmates may support an Eighth Amendment claim for deliberate indifference to safety. *See Cruz v. City of New York*, 2015 WL 464021, at *4 (S.D.N.Y. 2015); *Campbell v. Gardiner*, 2014 WL 906160, at *4 (W.D.N.Y. 2014) (collecting cases). But a plaintiff bringing such a claim must also allege that he suffered some harm as a result of being labeled a snitch or informant. *See Campbell*, 2014 WL 906160, at *4 (collecting cases). Plaintiff has not plausibly alleged that he suffered any harm as a result of Bent's statement. I will therefore dismiss this claim.

Arising out of the same incident, plaintiff makes another Eighth Amendment deliberate indifference claim against Bent's supervisor, defendant Doe. Plaintiff argues that Doe violated his constitutional rights by failing to properly train and supervise Bent. A plaintiff can succeed on such a claim if a supervisor is grossly negligent in supervising an officer who commits a constitutional violation or permits a custom that sanctions unconstitutional conduct to continue. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (listing five criteria supporting a claim for supervisory liability). But "conclusory, unsupported allegations [of gross negligence or

4

the existence of a policy] are simply insufficient to establish liability of supervisory prison officials under § 1983." *Parris v. New York State Dep't of Correctional Servs.*, 947 F. Supp. 2d 354, 364 (S.D.N.Y. 2013). Plaintiff has alleged that defendant Doe is defendant Bent's supervisor and should have trained her not to label an inmate as a snitch in the presence of other inmates and disciplined her for doing so. These allegations, however, are not supported by specific facts that would plausibly raise an inference of gross negligence or a policy. I will therefore dismiss plaintiff's claim for supervisory liability claim against Doe.

Plaintiff next alleges that Bent issued him a false disciplinary report. Although plaintiff "has no general constitutional right to be free from being falsely accused in a misbehavior report, … [he] has a right not to be subjected to false misconduct charges in retaliation for his exercise of a constitutional right." *Jackson v. Johnson*, 15 F. Supp. 2d 341, 364 (S.D.N.Y. 1998) (citing *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997)); *see also Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (inmates retain First Amendment rights). To establish a *prima facie* case for First Amendment retaliation, plaintiff must ultimately demonstrate "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015).

Though plaintiff characterizes his false accusation claim as a due process violation, I must construe *pro see* the allegations to assert the strongest claims they suggest, and I will treat the allegations as a claim for First Amendment retaliation.[2] Plaintiff alleges that Bent's actions

---

[2] Plaintiff's allegations on this score do not state a claim for relief under the Due Process Clause—Bent was not involved in the hearing in which plaintiff's due process rights were allegedly violated. *See Williams v. Smith*,

5

were motivated by his complaints against her to Captain Reilly. This allegation is sufficient to support a claim that the disciplinary report was issued in retaliation for plaintiff's exercise of his constitutional right to redress grievances. Accordingly, the claim regarding issuance of the disciplinary report will proceed as a retaliation claim.

Plaintiff also contends that his due process rights were violated at his disciplinary hearing. At the time of the hearing, plaintiff was a pretrial detainee. The Due Process Clause protects pretrial detainees from punishment without due process of law. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Benjamin v. Fraser*, 264 F.3d 175, 188 (2d Cir. 2001). Plaintiff alleges that he was punished with restrictive confinement. Before defendants were permitted to impose such punishment, plaintiff was entitled to due process protections, including written notice of the charges, adequate time to prepare a defense, a fair and impartial hearing officer, a written statement of the reasons for the action taken and the evidence relied upon, and a limited ability to present witnesses and evidence at the hearing. *See Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).

Plaintiff alleges that he was not provided a written statement explaining the reasons he was found guilty. Nor was he permitted to present witness statements or offer his own explanation. He also alleges that defendant Martinez refused to view the videotape of the incident. These allegations state a plausible claim for denial of due process at the disciplinary hearing against Martinez.

Plaintiff also brings claims against Quiros and Murphy for affirming the disciplinary

---

781 F.2d 319, 324 (2d Cir. 1986) ("The filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing.").

decision despite its alleged procedural flaws. "Courts within this Circuit are split as to whether a prison official who simply denies an inmate's administrative appeal from a disciplinary hearing can be held liable under § 1983." *Ortiz v. Russo*, 2015 WL 1427247, at *13 (S.D.N.Y. 2015); *see also Johnson v. Coombe,* 156 F.Supp.2d 273, 278 (S.D.N.Y. 2001) ("The Second Circuit has held that allegations that a superintendent affirmed a prisoner's conviction on administrative appeal were sufficient to allege that the superintendent was personally involved in depriving the prisoner of his due process right to call witnesses."). Because there are viable arguments that the denial of an administrative appeal can support liability under § 1983 when there has been a manifest deprivation of due process rights at the lower hearing, I will allow the claim against Quiros and Murphy to proceed for now.

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The complaint will proceed on the denial of due process claims against defendants Martinez, Quiros, and Murphy, and the retaliation claim against defendant Bent. The remaining claims against Bent and the claim against Doe are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2) **The Clerk shall** verify the current work addresses of defendants Bent, Martinez, Quiros and Murphy with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or

her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on defendants Quiros and Murphy in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(4) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendants shall file their response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date of the summons. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)   If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10)   The Court cannot effect service upon defendant John Doe without his name and current work address. Plaintiff is directed to file an amended complaint containing this information within **twenty (20) days** from the date of this order.  Failure to timely file the amended complaint may result in the dismissal of all claims against defendant Doe without further notice from the court.

It is so ordered.

Dated at New Haven this 23rd day of June 2016.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge